# CHARLESTON.

POCAHONTAS TRANSPORTATION COMPANY *v.* JACK CRAFT *et al.*

(No. 5312)

Submitted October 13, 1925. Decided October 27, 1925.

1.  CARRIERS—*One Operating Motor Busses by Authority of Permit From State Road Commission May Enjoin Others With Permits Only to Operate Motor Vehicles Not Running Over Regular Routes or Between Fixed Termini From Engaging in Like Enterprise.*

    One operating motor busses over the public highways, over a regular route or between fixed termini, and on fixed schedules, for the transportation of passengers for hire, by authority of a permit or certificate of convenience from the state road commission, pursuant to section 82, chapter 6, Acts of the Legislature of 1923, may enjoin others with permits only to operate motor vehicles not running over regular routes or between fixed termini, from engaging in a like enterprise. (p. 242.)

    (Licenses, 37 C. J. § 100.)

2.  SAME—*Order Enjoining Operating Motor Vehicles Over Certain Routes Held Not so Vague or Indefinite as Not to be Readily Understood by Average Citizen.*

> In such case an order enjoining defendants from operating their motor vehicles over the regular routes of plaintiff designated therein, or over any substantial part or parts thereof, except as it may be necessary to travel the same as incident to their ordinary hiring business, and from soliciting patrons or business at either terminus of any of said routes or at any point along the same, with the intent of carrying persons or property regularly over any of said routes, following closely the terms of the statute and the rules and regulations of the state road commission promulgated in pursuance thereof, and the rules of law laid down by this court in relation thereto, is not so vague or indefinite as not to be readily understood and comprehended by the average citizen.  (p. 245.)

> (Licenses, 37 C. J. § 100.)

> (NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.)

Appeal from Circuit Court, McDowell County.

Suit by the Pocahontas Transportation Company against Jack Craft and others for an injunction.  Decree for plaintiff, and defendants appeal.

*Decree affirmed.*

*Harman & Howard,* for appellants.
*Sanders, Crockett, Fox & Sanders,* for appellee.

MILLER, JUDGE:

The plaintiff is engaged in the operation of motor busses in the transportation of passengers over certain public roads in McDowell County, under authority of three permits or certificates of convenience issued by the state road commission October 31, 1923, and expiring December 31, 1927, pursuant to the provisions of section 82, chapter 6, Acts of the Legislature of 1923, authorizing it to operate on fixed schedules such busses from Welch to Gary, and from Gary to Thorp and Filbert; from Welch to Davy, and from Davy to Twin Branch; and from Welch to Maybeury.  The defendants are the owners or operators of motor vehicles operated for the public transportation of passengers, not running over regular

routes or between fixed termini, in and from the cities or towns designated in their permits from the state road commission.

Plaintiff alleges that defendants without authority from the state road commission, are operating their motor cars over and along the routes over which it has permits from the commission to operate its busses, at irregular and indiscriminate times, with full knowledge that such operation is unlawful and in violation of plaintiff's rights; that said defendants at all times hold themselves in readiness and advertise their willingness and ability to carry passengers over said routes, and solicit patrons and business at the termini of plaintiff's routes, and along said routes, for the purpose of carrying passengers over the routes used by plaintiff in the exercise of its rights under its permits, by which they obtain a large part of the patronage awaiting the arrival of plaintiff's busses at towns and places designated on its schedules, thus depriving plaintiff of the profits it would otherwise enjoy, which is being diminished until it is no longer profitable to maintain and operate its said bus lines; and that defendants have assumed a threatening attitude toward plaintiff and its drivers, and threatened personal violence and to destroy the property and equipment of defendant.

Pursuant to the prayer of plaintiff's bill, the circuit court ordered and decreed that the answering defendants be enjoined from operating their motor vehicles for hire along any of the routes designated in the bill, or any substantial part or parts thereof, except as may be necessary to travel the same as incident to their ordinary hiring business; that they be enjoined from soliciting patrons or business at either terminus of any of said routes or at any point along the same, with the intent of carrying passengers or property regularly over any of said routes; and that they be enjoined from threatening, disturbing or molesting plaintiff, its agents, servants or employees in the conduct and operation of its business.

Section 82, chapter 6, Acts 1923, authorizes the state road commission to make such rules and regulations relative to the operation of licensed motor vehicles as public justice

may demand. Rule 17, which became effective July 26, 1923, provides that, no vehicle used in the public transportation for hire otherwise than on a fixed schedule, over regular routes or between fixed termini, shall be operated along or over any route established by the commission as a regular route by the issuance of a permit, or over any substantial part thereof, except as may be necessary to traverse the same as an incident to its ordinary hiring business; and no operator or person in charge of a car for hire shall solicit patrons or business at either terminus of any such established route, or at any point along the same, with the intent of carrying passengers or property regularly over any established route or substantially similar route. And in *Carson* v. *Woodram,* 95 W. Va. 197, it was held that a person operating automobiles under a permit from the state road commission, over public highways between fixed termini for the carriage of passengers for hire, may enjoin others without such licenses or permits from engaging in a like enterprise. In the opinion in that case it is said: ''The use of the highways for the public transportation of freight and passengers belongs to the public. This use may therefore be completely regulated and controlled by the legislature in the interest of the public welfare;'' and that: ''The right of a licensee operating under such permit is in the nature of a franchise from the State, and therefore an object of injunctive protection.'' On the same principle and for the same reasons, it was held in *Princeton Power Company* v. *Galloway et al.,* 99 W. Va. 157, 128 S. E. 89, that the owners of taxicabs with licenses from the state road commission only to operate their cars for hire, may be enjoined from operating them regularly over the public road paralleling the line of an electric railway company, and from soliciting business over or along the same in close proximity thereto as to cause it irreparable injury, except as may be necessary to travel said road as incident to their business of operating cars for hire. These two opinions fully discuss the principles applicable here and cite numerous authorities which support the propositions advanced by plaintiff in this case. And in the latter case, where defendants were operating under licenses or permits like the ones held by the defendants

in the present case, it was said: "If the plaintiff, instead of operating an electric line, was engaged in operating a bus line over said highway between said termini under a certificate of convenience granted it pursuant to the provisions of class H of section 82 of chapter 6, Acts 1923, amending certain sections of the state road law, there would seem to be no doubt about its right to protect by injunction its business against the unlawful interference therewith by defendants. We so decided in the recent case of *Carson* v. *Woodram,* 95 W. Va. 197, 120 S. E. 512."

And the Legislature of 1925 apparently recognized and adopted the rule laid down by this court, and that promulgated by the state road commission, in the amendment of said section 82, now providing that: "All vehicles operating under the provisions of Class H-3, shall operate from a stand or stands and the road commission shall have power to grant a certificate to any applicant who operates from a stand or stands and does not propose to operate upon a regular schedule, but who is privately employed for a specific trip and who will not solicit or receive patronage along a route for which a certificate of convenience has been granted by the state road commission for the operation of vehicles over a regular route or between fixed termini. Provided, however, that vehicles operating under Class H-3 may receive passengers along routes for which a certificate of convenience has been granted, but not at or within two hundred feet of any building owned or maintained as a designated stop." Acts 1920, chapter 17, section 82. This statute, it will be noted, was not in effect at the time of the decree entered herein.

It is argued by defendant's counsel that the evidence does not support the allegations in plaintiff's bill. Plaintiff's depositions consist of the testimony of some twelve witnesses, some one or more of whom testify positively that each of the defendants were seen or heard to solicit passengers at points designated on plaintiff's schedules, to take such passengers to some other point on its regular routes. These witnesses gave the dates when they heard such solicitations made, and the persons by whom they were made, and descriptions and the license numbers of their cars, and testified that defend-

ants were making a regular business of carrying passengers over plaintiff's routes, in pursuance of such solicitations. Some of these witnesses were drivers for plaintiff, who made notes of their observations, and were on the lookout for persons violating plaintiff's rights; others were patrons of the bus lines and taxis operating on the roads in the vicinity.

The evidence of some of the defendants was taken. Of these, some admitted that they had solicited passengers before the present proceeding was brought; others insisted that they at no time solicited passengers at or along the route used by plaintiff. A number admitted that, when they had one or more passengers from one point to another, they would call out, "Taxi to Gary," "Taxi to Welch," or to some other point to which they were going on plaintiff's route, in order to load their cars. Some said that when they had delivered passengers at a point away from their regular stands, they would call out, "Taxi to Welch," or to the city or town from which they operated regularly. Others testified that they only solicited passengers or called out their point of destination when they had business at that point. Only seventeen of the ninety-two defendants named in the injunction order testified.

We think there was sufficient evidence to justify the circuit court in finding that each of the defendants solicited passengers at points on plaintiff's routes, for the purpose of carrying them along and over such routes, and that defendants committed the other unlawful acts complained of by the bill and enjoined by the final order in the cause; and our opinion is that the court committed no error in so finding.

It is submitted that the injunction order is too vague and indefinite in its terms to be understood and observed by the defendants. By the terms of their permits and the laws and regulations under which they were issued, defendants are entitled to operate their taxis in and out of the cities and towns where their stands are located, and in the exercise of this right they may use any road in the state, as long as they do not presume to establish regular routes between fixed termini, or solicit passengers on the routes regularly assigned to others under permits to operate between fixed termini on

regular schedules, with the intent of carrying such passengers over such established routes or substantially similar routes. The law on this subject, as laid down in our cases above cited and quoted from, seems to be clear. The injunction order in this case follows, in its terms, the law as laid down in those cases, and as now provided by statute, section 82, chapter 17, Acts 1925, and the rules and regulations of the state road commission made in pursuance of the former statute, in their application to the facts alleged and proved. Defendants are charged by the bill with having committed certain acts, and that it is their intent and purpose to continue such acts. The court found the acts complained of to be unlawful, and enjoined further exercise thereof. The order conforms to the allegations in the bill, and the proof adduced on the hearing. The court did not have jurisdiction to prescribe all acts the defendants may exercise, or may not exercise, under their permits to operate taxis for hire, but only to enjoin the unlawful acts complained of. And we can not see that defendants should not be able to understand the plain terms of the order setting out the acts prohibited thereby.

Defendants complain that the final order decreed, "that plaintiff do recover of and from the said defendants and each of them, its costs in and about the prosecution of its suit in that behalf expended, including an attorney's fee of $20.00;" and that it thus requires each of the defendants to pay a taxed attorney's fee of $20.00. Plaintiff is only entitled to have its costs and one attorney's fee. This may be collected from any one or more of the defendants, but can be enforced but once, regardless of the number of the defendants; and when plaintiff has once collected the amount of its costs and one attorney's fee, the decree in that respect has been satisfied.

By petition for rehearing attention is called for the first time to the fact that no evidence was adduced on the trial against the following defendants, who are named in the final order in the cause, and who petitioned this court for an appeal and supersedeas therefrom, namely, Newt Akers, Lewis Barbely, Charlie Croy, J. A. Cobbs, C. P. Hairston, Walter Straus, and O. W. Stafford. As to these defendants the de-

ree will be reversed and the injunction dissolved; but as to all other defendants named therein, the decree of the lower court will be affirmed.

*Decree affirmed.*